**AULER et al. v. MELROSE.**

No. 51 C 1370.

United States District Court
N. D. Illinois, E. D.

Jan. 25, 1952.

William C. Moyer, Chicago, Ill., for plaintiffs.

Van Duzer, Gershon & Quinlan, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

On August 30, 1951, plaintiffs filed their complaint in this action seeking damages for injuries allegedly suffered in an automobile collision occurring on August 17, 1951. The complaint alleges a diversity of citizenship action, in that plaintiffs are citizens of Illinois and defendant is a citizen of Arizona. Service of summons was had by means of serving the Secretary of State, in accordance with the Statutes of the State of Illinois.

Defendant has filed a limited and special appearance for the purpose of quashing service on the ground that the court does not have jurisdiction of the action. The basis for this assertion is that defendant is a citizen of Illinois and, hence, there is no diversity since plaintiffs are also citizens of that State. Plaintiffs have also filed certain ancillary motions: (1) Motion for default and judgment; (2) Motion to strike certain affidavits submitted by defendant in support of his motion.

Defendant's motion to quash and dismiss must be denied. In regard to the determination of the question of where defendant is domiciled, the following pertinent facts are revealed in defendant's deposition, taken by plaintiffs on October 15, 1951:

1. Defendant is married and resides with his wife and two minor children in Tucson, Arizona. They moved there in August, 1949 from a home located at 8922 Hoyne Ave., Chicago, Illinois. The premises on Hoyne Avenue have been leased to tenants since that time. Defendant and his wife jointly acquired ownership of the house in Arizona by deed dated March 29, 1948.

2. Defendant and his wife have filed and paid income taxes in Arizona, the minor children have attended school there since 1949, and defendant is listed in the Tucson telephone directory.

30

3. Defendant has operated as a sole proprietorship a business known as the Wabash Music Company since 1934; said business was removed to Tucson; its bank account is located there and it has been listed in the Tucson telephone directory for two years.

4. Defendant has registered two cars in Arizona for the years 1950 and 1951.

5. Defendant and his wife have acquired title to a number of parcels of real estate in Arizona.

6. The Hoyne Avenue property has been listed for sale since defendant moved to Arizona in 1949. It has been so listed with several brokers and defendant himself has endeavored to sell it for about 1½ years.

7. Defendant has not resided at any Chicago address since 1949, except for short business trips when he stayed with relatives.

8. Defendant's wife and family have not resided at any Chicago address since 1949. The only occasions they have returned to Illinois since that date were to a summer home in Round Lake, Illinois, for a short time in the summer of 1950 and about ten days in 1951. After each such visit, they returned to Arizona.

9. The last time defendant voted in Illinois was in the fall of 1948 from the Hoyne Avenue residence. Defendant and his wife have since been stricken from the Precinct Register of Voters.

10. Defendant and his wife acquired certain property in Round Lake, Illinois, in 1947. After said acquisition, defendant and his family continued to reside at the Hoyne Avenue address, and occupied the Round Lake property only during the summer months. The Round Lake property is a summer house and consists of a main house of eight or nine rooms, a summer guest house and a garage. It never had a heating plant until September of 1951. The guest house has been rented to a tenant for the past three years. The main house was rented to tenants for the summers of 1950 and 1951.

11. The Round Lake property has been listed for sale with several brokers, and defendant himself has endeavored to sell it for the last 1½ years. It has been listed for sale in the "Chicago Tribune", "Oak Leaves", "Round Lake Bulletin" and the "Abendpost".

12. Defendant has made several trips from Arizona to Chicago in an effort to sell both the Hoyne Avenue and Round Lake properties.

In view of the foregoing, the Court is of the opinion that defendant intended to, and did in fact, change his domicil from Illinois to Arizona. Judge Story best expresses the law as to change of domicil in his work on Conflict of Laws (7th Ed.), page 41, which view is almost universally adopted by the courts: "If a person has actually removed to another place, with an intention of remaining there for an indefinite time, and as a place of fixed present domicil, it is to be deemed his place of domicil, nothwithstanding he may entertain a floating intention to return at some future period. The requisite animus is the present intention of permanent or indefinite residence in a given place or country, or, negatively expressed, the absence of any present intention of not residing there permanently or indefinitely."

The Restatement of Conflict of Laws defines domicil as the "place with which a person has a settled connection for certain legal purposes, either because his home is there, or because that place is assigned to him by the law". It defines the term "home" as "a dwelling place of a person, distinguished from other dwelling places of that person by the intimacy of the relation between the person and the place". It establishes the following factors which serve to determine whether a dwelling place is a home: (1) Its physical characteristics; (2) The time the person spends there; (3) The things he does therein; (4) The persons and things therein; (5) His mental attitude toward the place; (6) His intention when absent to return to the place; (7) Elements of other dwelling places of the person.

It appears clear to the Court that the defendant has acquired a home and,

therefore, domicil in Tucson, Arizona. All the surrounding circumstances are consistent with his having abandoned his Illinois domicil, and having established a new one in Arizona. His family lives in Arizona, he always returns there after absences, it is apparently a permanent type structure, he owns rather than leases it, he pays taxes there, he has registered his automobile there, and, above all, he has made frequent and determined efforts to sell his properties here in Illinois, indicating thereby a concrete desire to sever his relationship with his former domicil. Even conceding defendant's assertion that he is located in Arizona for his health and that of his family and that he intends to return to Illinois, it would appear that this constitutes the "floating intention" specified by Story in the quotation above. Furthermore, the circumstances attending a purported change of domicil are entitled to greater weight than are the statements of the party himself.

■■ Plaintiffs' motion for default and judgment should not be granted. It appears that plaintiffs agreed to an extension of time to answer the complaint since there was some question as to which of two groups of attorneys was going to undertake the defense. The mere fact that the extension was given for an answer rather than a motion is an insufficient reason for precluding defendant from defending the action on the merits. Plaintiffs' motion to strike the aforementioned affidavits should similarly be denied. Although technically defendant was not entitled to file said affidavits in support of his motion, no prejudice has resulted to plaintiffs thereby.

Plaintiffs' motion for default and judgment is denied. Plaintiffs' motion to strike certain affidavits, submitted by defendant in support of his motion to quash and dismiss, is denied. Defendant's motion to quash the service of summons and to dismiss the action is denied, and defendant is hereby directed to answer or otherwise plead to the complaint within 20 days hereof.